# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CRIMINAL ACTION NO. 5:04-CR-00043-KDB-DCK

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| v. | <u>**ORDER**</u> |
| **J. LEE STURGIS,** | |
| **Defendant.** | |

**THIS MATTER** is before the Court on Defendant J. Lee Sturgis's Motion for Reduced Sentence under the First Step Act of 2018. (Doc. No. 226). Sturgis requests the Court enter a reduced sentence of 210 months and a reduced supervised release term of 8 years in its discretion under Section 404 of the First Step Act. Having carefully reviewed the motion, the parties' briefs and exhibits, and all other relevant portions of the record, the Court will grant in part and deny in part Sturgis's motion and reduce his sentence to 262 months and his supervised release term to 8 years.

## I.  BACKGROUND

Between January 1990 and August 2004, Sturgis participated in a drug-trafficking conspiracy in Iredell County, North Carolina, that included over 1.5 kilograms of crack cocaine. Presentence Investigation Report ("PSR") ¶¶ 4, 13.[1] Sturgis was an experienced "cooker," often cooking powder cocaine into crack cocaine for members of the conspiracy and teaching others to do the same. *Id.* ¶ 13. In addition to cooking, Sturgis distributed crack cocaine and used others to assist in his distribution. *Id.*

---

[1] The Court obtained a copy of the original PSR from the United States Probation Office.

1

On August 4, 2004, during the course of the conspiracy, Sturgis was the rear-seat passenger in a vehicle which was stopped for speeding in Cleveland, North Carolina. During the search of the vehicle, a .45 caliber semi-automatic handgun was found under a coat where Sturgis was sitting. He was charged with Possession of a Firearm by Felon in North Carolina Superior Court. *Id.*

Sturgis reported that he began using cocaine around age 20. *Id.* ¶ 87. Eventually, Sturgis began using alcohol, marijuana, and crack cocaine on a daily basis. *Id.* His criminal history reflects numerous drug-related and other offenses. Indeed, at the time Sturgis committed the underlying offense he had previously been convicted of 12 drug-trafficking offenses, common-law robbery, and assault on a government official. *Id.* ¶¶ 36, 50, 52, 55-56, 59, 61. Beginning at the age of 17, Sturgis committed at least one—and often times more than one—offense nearly every year that he was not in prison. *Id.* ¶¶ 31-63. He received substantial prison sentences for these convictions, including terms of imprisonment of five years, one term of imprisonment for eight years, and one term of up to 10 years in prison. *Id.* ¶¶ 35-36, 52, 56, 61. He was also sentenced as a habitual felon in 1995, at the time he was participating in his conspiracy offense of conviction. *Id.* ¶ 61.

In August 2004, Sturgis was indicted and charged with conspiracy to possess with intent to distribute at least 50 grams of crack cocaine and 5 kilograms of powder cocaine, 21 U.S.C. § 846. The Government filed an information under 21 U.S.C. § 851, notifying Sturgis and the Court that it intended to seek an enhanced penalty based on Sturgis's prior convictions for felony drug offenses. (Doc. No. 6). Sturgis entered into a plea agreement with the Government, agreeing to plead guilty to the conspiracy offense and stipulating that more than 1.5 kilograms of crack cocaine were reasonably foreseeable to him. (Doc. No. 45).

In preparation for sentencing, the United States Probation Office submitted a PSR in which it calculated a base offense level of 38 based on Sturgis's responsibility for more than 1.5 kilograms

of crack cocaine. *Id.* ¶ 20. The Probation Officer applied two offense-level increases—one for possession of a firearm and one for Sturgis's role in the offense—resulting in an adjusted offense level of 42 and total offense level, after a reduction for acceptance of responsibility, of 39. *Id.* ¶¶ 21-25, 28. Based on Sturgis's prior robbery and assault convictions, the Probation Officer classified Sturgis as a career offender, subject to an adjusted offense level of 37. *Id.* ¶ 26. However, because the career-offender guideline was lower than the adjusted offense level resulting from application of the drug-offense guideline, the drug-offense guideline was used to calculate the applicable guideline range. *Id.* That range was between 360 months and life based on a total offense level of 39 and criminal-history category of VI. *Id.* ¶ 97. However, because the statutory mandatory-minimum sentence of life imprisonment was greater than the minimum of the guideline range, the guideline term of imprisonment increased to life. *Id.*

The Court sentenced Sturgis to the required life imprisonment and 10 years of supervised release. (Doc. No. 89). Sturgis now moves for a reduction in his life sentence to 210 months imprisonment under the First Step Act. The Government consents to a reduction to 262 months in prison, but opposes any further reduction. (Doc. No. 228).

## II. LEGAL STANDARD

Finality is an important attribute of criminal judgments and one "essential to the operation of our criminal justice system." *Teague v. Lane*, 489 U.S. 288, 309 (1989) (plurality opinion). Accordingly, a sentence of imprisonment is final and may not be modified once it has been imposed except in narrow circumstances as outlined in 18 U.S.C. § 3582(c). Section 3582(c)(1)(B) permits modification if it is expressly permitted by statute. The First Step Act expressly permits the Court to modify a term of imprisonment, and, as such, motions under Section 404 of the First Step Act fall under the purview of 18 U.S.C. § 3582(c)(1)(B).

3

As relevant here, the First Step Act makes retroactive certain provisions of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010). The Fair Sentencing Act "reduces the statutory penalties for cocaine base offenses" to "alleviate the severe sentencing disparity between crack and powder cocaine." *United States v. Peters*, 843 F.3d 572, 575 (4th Cir. 2016). Section 2 of the Fair Sentencing Act modified the drug quantities required to trigger mandatory minimum sentences for cocaine base (often referred to as crack cocaine) trafficking offenses; it increased the amount required to trigger the five-year mandatory minimum from 5 grams to 28 grams and increased the amount required to trigger the ten-year mandatory minimum from 50 grams to 280 grams. *See United States v. Wirsing*, 943 F.3d 175, 179 (4th Cir. 2019) (citing Fair Sentencing Act, § 2, 124 Stat. at 2372). Section 3 eliminated the five-year mandatory minimum for simple possession of crack cocaine. *Id.* (citing Fair Sentencing Act, § 3, 124 Stat. at 2372).

The relevant provisions of the First Step Act apply to "a covered offense," which means "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010." § 404(a), 132 Stat. at 5222. The First Step Act provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." § 404, 132 Stat. at 5222. "Even if a defendant is eligible for a sentence reduction, however, the decision whether to grant a reduction is entrusted to the district court's discretion." *United States v. Jackson*, 952 F.3d 492, 495 (4th Cir. 2020) (citing § 404(c), 132 Stat. at 5222 ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.")). "When imposing a new sentence" under the First Step Act, "a court does not simply adjust the statutory minimum; it also must recalculate the Guidelines range," *United States v. Chambers*, 956 F.3d 667, 672 (4th Cir.

4

2020) (internal quotation marks omitted), and "any Guidelines error deemed retroactive . . . must be corrected in a First Step Act resentencing," *id.* at 668. Moreover, "the [18 U.S.C.] § 3553(a) sentencing factors apply in the § 404(b) resentencing context," and a court "may consider post-sentencing conduct" in determining whether to exercise its discretion to reduce a sentence. *Id.* at 674.

### III. DISCUSSION

When a defendant seeks a reduced sentence under Section 404 of the First Step Act, this Court's review proceeds in two steps. First, the Court must determine whether the defendant was sentenced for a "covered offense" as defined by the Act, and is, therefore, eligible for a sentence reduction. Here, the parties agree that Sturgis is eligible for a reduction. *See United States v. Wirsing*, 943 F.3d 175 (4th Cir. 2019).

Second, even if a defendant is eligible, the Court exercises its discretion in determining whether, and to what extent, to impose a reduced sentence. In doing so, the Court considers the Section 3553(a) factors, including recalculating the guideline range and any mitigating evidence arising from the defendant's post-sentencing rehabilitation. *See United States v. McDonald*, 986 F.3d 402 (4th Cir. 2021); *Chambers*, 956 F.3d at 672; *United States v. Martin*, 916 F.3d 389 (4th Cir. 2019). District courts have broad discretion in deciding whether to grant a sentence reduction under Section 404 of the First Step Act. *See Jackson*, 952 F.3d at 495.

As an initial matter, the Government consents to a reduction in Sturgis's sentence to 262 months. (Doc. No. 228, at 5).[2] The parties disagree on whether the Court should impose a sentence

---

[2] When Sturgis was sentenced, he was subject to the statutory mandatory-minimum of life imprisonment, which produced a guideline range of life as well. Had the Fair Sentencing Act and the retroactive Sentencing Guideline amendments been in effect when Sturgis committed his offense, the guideline range would have been 262 to 327 months in prison. (Doc. Nos. 226, at 7; 227, at 2; 228, at 5).

5

lower than 262 months. Sturgis argues the Court should impose a sentence of 210 months, because (1) he was improperly classified as a career offender and would not be considered such today; and (2) the Section 3553(a) factors and his post-sentencing rehabilitation weigh in favor of a reduced sentence. The Government contends that Sturgis was properly classified as a career offender and the Section 3553(a) factors counsel against a reduced sentence below 262 months.

With regard to Sturgis's career-offender classification, Sturgis was classified as a career offender based on his prior convictions for Assault on Female, Assault on Government Official, and Common Law Robbery. PSR ¶ 26. He argues that his career offender designation is wrong under *United States v. Norman*, 935 F.3d 232 (4th Cir. 2019), and *United States v. Simmons*, 917 F.3d 312 (4th Cir. 2019), and that the Court must recalculate his guideline range without the career offender enhancement. (Doc. No. 229, at 2). In *Norman*, the Fourth Circuit held that Section 846 offenses do not qualify as a generic conspiracy under the career offender guideline of Section 4B1.2(b), thus a Section 846 conspiracy does not qualify as a "controlled substance offense" under the Sentencing Guidelines. In *Simmons*, the Fourth Circuit held that North Carolina assault convictions that can be committed with a mens rea equal to or less than recklessness, are not categorically a crime of violence under the now-repealed residual clause of U.S.S.G. § 4B1.2. 917 F.3d at 318. Without the career offender enhancement, Sturgis's guideline range would drop from 262 to 327 months to 235 to 293 months.[3] The Government maintains that Sturgis was properly classified as a career offender, thus his guideline range remains 262 to 327 months.

In *Chambers*, the Fourth Circuit held that when imposing a reduced sentence under the First Step Act, a district court must "not simply adjust the statutory minimum; it must also recalculate

---

[3] Without his career-offender status, Sturgis's offense level would be a 33 and his criminal history category a VI. (Doc. No. 227, at 2).

the guidelines range" and apply any other retroactive intervening case law. 956 F.3d at 672. The parties agree that this Court is bound to apply any retroactive intervening case law in recalculating the applicable guideline range. However, Sturgis argues *Norman* and *Simmons* are retroactive, while the Government claims that they are not. The Court recognizes *Norman* and *Simmons*[4] and the implications they would have on Sturgis's sentence if he were sentenced today, but it need not decide whether they apply retroactively.

Even if this Court does not adopt his argument that it must correct the *Simmons* and *Norman* errors in calculating the now-applicable guideline range, Sturgis argues the Section 3553(a) factors—including evidence of post-sentencing rehabilitation—support a reduced sentence as well as a slight downward variance. (Doc. No. 226, at 14). This is for two reasons: "(1) to avoid the disparity created by the original error in applying the career-offender enhancement; and (2) to reward Martin for his post-sentencing rehabilitation." *Id.*

In support of his argument, Sturgis cites to numerous cases in which district courts have granted a sentence reduction under the Section 3553(a) factors in light of the disparity created by a "career-offender error" that occurred at the original sentencing. *Id.* at 15-16. "As these cases show," Sturgis argues, "a reduced sentence is necessary 'to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.'" *Id.* at 17 (quoting

---

[4] *Chambers* specifically required district courts to retroactively apply *United States v. Simmons*, 649 F.3d 237, 243 (4th Cir. 2011), which addressed when a North Carolina offense is "punishable by imprisonment for more than one year" for purposes of 21 U.S.C. § 802(44) (defining "felony drug offense"). The *Simmons* case that Sturgis argues this Court should apply retroactively is not the 2011 case, but a 2019 case from the Fourth Circuit.

The Government does not respond to Sturgis's argument that he no longer qualifies as a career offender under *Simmons*. Thus, the Court will assume without deciding that Sturgis would not qualify as a career offender under *Simmons* if sentenced today. *See c.f. Alvarez v. Lynch*, 828 F.3d 288, 295 (4th Cir. 2016) (a failure to respond to arguments in a responsive brief ordinarily results in a waiver).

7

18 U.S.C. § 3553(a)(6)). By leaving his current sentence in place, Sturgis contends the Court would create at least two kinds of disparity: (1) a disparity between Sturgis and crack-cocaine offenders who were originally sentenced based on drug weight (rather than a "now erroneous career offender enhancement"); and (2) a disparity between Sturgis and other crack-cocaine offenders who were previously sentenced as career offenders but who have received reductions under the First Step Act. *Id.*

In addition to the need to avoid unwarranted sentence disparities, Sturgis cites to evidence of his post-sentencing rehabilitation. He acknowledges his serious criminal history, but argues that his extensive record is what makes his post-sentencing rehabilitation that much more remarkable. *Id.* at 18. Sturgis enrolled in the Challenge Program in 2010 and received good remarks. (Doc. No. 226-2). During his time in BOP, Sturgis has incurred three infractions—two for being absent from assignment and one for phone abuse-disrupt monitoring—and completed 34 educational programs and work assignments. (Doc. No. 227, at 3). Additionally, Sturgis claims to have a strong support system in place if this Court were to grant his sentence reduction. He submitted letters from his mother, pledging her commitment to support Sturgis, and from a friend who offers to assist Sturgis secure a job, shelter, and other necessities upon his release. (Doc. No. 227-3).

The Government argues that the Section 3553(a) factors counsel against a reduction in Sturgis's sentence. Sturgis's criminal history is extraordinary, and even numerous sentences of incarceration and imprisonment failed to deter him from further crime. His crimes were not limited to drug-related offenses, but included violent offenses, including assaults and robbery. The nature and circumstances of Sturgis's offense include a conspiracy that spanned more than 10 years and distributed a large quantity of crack cocaine. Sturgis also possessed a firearm as a member of the drug-trafficking organization. This combination of drug-trafficking and firearms is especially

dangerous. Further, due to Sturgis's extraordinary recidivism, the need to protect the public from further offenses committed by Sturgis and the need to deter Sturgis and others from similar criminal misconduct also weigh against a downward-variance sentence reduction.

The Government disagrees that a failure to reduce Sturgis's sentence would result in unwarranted sentencing disparities among similarly situated defendants. It maintains that Sturgis was properly classified as a career offender at the time he was sentenced, and that his criminal history and extraordinary recidivism distinguishes him from the average defendant convicted of a drug-trafficking guideline and justify an upward departure under U.S.S.G. § 4A1.3(a)(1) or an upward variance to at least 262 months in prison. Further, the Government argues that if Sturgis receives a reduced sentence under 262 months, he would receive a benefit that similarly situated defendants sentenced after the effective date of the Fair Sentencing Act and before *Norman* did not receive.

As for post-sentencing rehabilitation, the Government contends that Sturgis's record in BOP does not outweigh the sentencing factors weighing against a downward-variance sentence: "[C]ompleting a few dozen educational or work programs in more than 14 years is not so extraordinary that it outweighs Sturgis's history of extraordinary, recidivist drug-trafficking and violent offenses and the need to protect the public, to deter Sturgis and others, and to provide just punishment." (Doc. No. 228, at 9).

The Court agrees that the need to avoid unwarranted sentencing disparities among similarly situated defendants is an important factor in considering the extent to which this Court will reduce Sturgis's sentence. There is no dispute that if Sturgis were sentenced today, his guideline range would be 235 to 293 months, with a statutory mandatory-minimum of 120 months. (Doc. No. 227, at 2). Although it calculates the guideline range differently (with the career offender status), the

Government consents to a reduction to 262 months—a sentence that falls within the advisory range even without Sturgis's career offender status. The Court agrees with the Government that the Section 3553(a) factors, including consideration of his post-sentencing rehabilitation, do not warrant a reduction below 262 months.

Sturgis's criminal history, the nature and characteristics of the offense, the need for deterrence, and the need to protect the public counsel in favor of a 262-month sentence. As described above, Sturgis began breaking the law at age 17 and continued to do so until his arrest for the underlying offense in 2004. He accrued an incredible 45 criminal history points,[5] more than three times the 13 points that would establish the highest criminal history category of VI. Moreover, Sturgis played a significant role in the conspiracy. He was responsible for over 1.5 kilograms of crack cocaine, frequently "cooking" powder cocaine into crack cocaine and teaching others to do the same. He appropriately received enhancements for possessing a firearm and for his leadership role during the course of the drug-trafficking conspiracy. Clearly, Sturgis's multiple prison sentences did not deter him from further criminal conduct as he re-offended shortly after he was released on each term of imprisonment. As for his post-sentencing rehabilitation, Sturgis's completion of 34 education and work programs and his support network consisting of his mom and friend are not so extraordinary that they outweigh the Section 3553(a) factors counseling in favor of a 262-month sentence. The Court has handled a number of other First Step Act motions similar to Sturgis's and has seen many defendants who have completed far more education and work programs in a comparable time frame. *See, e.g.*, *United States v. Martin*, 5:05-CR-28; *United States v. Turner*, 5:06-CR-1. Sturgis's completion of these education and work programs, while laudable, do not

---

[5] The PSR and the Government state 49 criminal history points, however, the Court sustained objections to various convictions at sentencing which lowered Sturgis's criminal history points to 45. (Doc. No. 92, at 53, 56).

reflect as strong of a commitment to rehabilitation as he might suggest. For these reasons, the Court will exercise its discretion and reduce Sturgis's custodial sentence to 262 months.

The Government agrees to a reduction in Sturgis's supervised-release term to 8 years and the Court will reduce Sturgis's supervised release term accordingly.

### IV. ORDER

**IT IS THEREFORE ORDERED** that:

(1) Sturgis's Motion for Reduced Sentence under the First Step Act of 2018, (Doc. No. 226), is **GRANTED IN PART** and **DENIED IN PART**. The Court **HEREBY ORDERS** that Sturgis's term of imprisonment and commitment to custodial authorities is reduced to an aggregate sentence of **262 MONTHS**;

(2) Upon release from imprisonment, Sturgis shall be placed on a supervised release term of 8 years on Count 1; and

(3) Sturgis's pro se letter requesting a reduced sentence under the First Step Act, (Doc. No. 224), is **DENIED AS MOOT**.

**SO ORDERED.**

Signed: March 1, 2021

Kenneth D. Bell
United States District Judge