# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CRIMINAL ACTION NO. 5:04-CR-00043-KDB-DCK-3

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| v. | **ORDER** |
| **J. LEE STURGIS,** | |
| **Defendant.** | |

**THIS MATTER** is before the Court on Defendant's *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), the First Step Act of 2018 and the Coronavirus Aid, Relief, and Economic Security (CARES) Act of 2020. (Doc. No. 231). Defendant seeks compassionate release arguing he faces a heightened risk of contracting COVID-19 while incarcerated at FCI Butner – Medium II[1] and that, due to his medical conditions, he faces a heightened risk of a severe case of COVID-19 if he were to contract the virus. Having carefully reviewed the Defendant's motion, exhibits, and all other relevant portions of the record, the Court will deny his motion as Defendant has not met his burden to establish that a sentencing reduction is warranted under 18 U.S.C. § 3582(c).

Defendant states that he suffers from hypertension, heart disease, high and low cholesterol, pain, and acid reflux. (Doc. No. 231 at 1 and Exhibit 1). Defendant does not attach any medical records but does state that he was transferred to Butner so he could be better treated and monitored.

---

[1] According to the Bureau of Prison's (BOP) website, FCI Butner – Medium II currently has zero inmates and zero staff with confirmed active cases of COVID-19. There have been 3 inmate deaths and no staff deaths, while 357 inmates have recovered and 33 staff have recovered. Additionally, at the FCI Butner complex, 1,142 staff have been fully inoculated and 3,068 inmates have been fully inoculated.

The Government reports Defendant is fully vaccinated against COVID-19 as he received the second dose of the Pfizer vaccine on April 30, 2021. (Doc. No. 236, Exhibit 1). The Centers for Disease Control and Prevention (CDC) have evaluated the Delta variant of COVID-19 and explained that vaccines "continue to be highly effective at preventing hospitalizations and death." CDC, *Benefits of Getting a* COVID-19 *Vaccine,* www.cdc.gov/coronavirus/2019-ncov/vaccines/vaccine-benefits.html. The CDC also notes that vaccines currently available in the United States have been shown to be "highly effective" at preventing COVID-19.

The vaccine addresses Defendant's concerns about contracting COVID-19 and his purported risk of severe illness should he contract the virus. Because Defendant's vaccination significantly mitigates the risk of contracting COVID-19, Defendant cannot establish an "extraordinary and compelling" reason for compassionate release based on his concerns about contracting the virus. As such, Defendant's motion will be denied.

In response to the COVID-19 pandemic, the President signed the CARES Act into law on March 27, 2020. Pub. L. 116-136, 134 Stat 281, 516. Section 12003(b)(2) of the Act gives the Director of the BOP authority to lengthen the maximum amount of time a prisoner may be placed in home confinement under 18 U.S.C. § 3624(c)(2) during the covered emergency period if the Attorney General finds that emergency conditions will materially affect the functioning of the BOP. On April 3, 2020, the Attorney General issued a memorandum to the Director of the BOP making that finding and directing the immediate processing of suitable candidates for home confinement. However, nothing in the CARES Act gives the Court a role in determining those candidates. *See United States v. Caudle*, 740 F. App'x 364, 365 (4th Cir. 2018) (district court lacks authority to govern designation of prisoners under § 3624(c)(2)).

**IT IS THEREFORE ORDERED** that Defendant's *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), (Doc. No. 231), is **DENIED**.

**SO ORDERED.**

Signed: November 16, 2021

Kenneth D. Bell
United States District Judge